# COMPOSITE EXHIBIT "B"

Filing # 102947900 E-Filed 02/07/2020 02:27:58 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

VAL SKLAROV, individually

        Plaintiff,

v.

CO-DIAGNOSTICS, INC.,

        Defendant.

Case No.

**SUMMONS**

SUMMONS: SERVICE ON A CORPOTATION

**TO: CO-DIAGNOSTICS, INC., 2401 Foothill Dr, Salt Lake City, UT 84109**

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: 201 SE 6th St, Fort Lauderdale, FL 33301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at: **Jaitegh Singh, Esq. Singh Law Firm, P.A., 6610 N. University Drive, Suite 220, Ft. Lauderdale, FL 33321.**

Fort Lauderdale, Florida
FEB 07 2020

BRENDA D. FORMAN

Jaitegh Singh, Esq.
FBN: #100800
**Attorney for Plaintiffs**
Singh Law Firm, P.A.
6610 N. University Drive
Suite 220
Ft. Lauderdale, FL 33321
(212) 687-2578
jt@jtsinghlawfirm.com

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 02/07/2020 02:27:56 PM.****

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.: _____
Judge: _____

Val Sklarov
Plaintiff

vs.

CO-DIAGNOSTICS, INC.
Defendant

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim rounded to the nearest dollar $1,000,000

## III. TYPE OF CASE

(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☒ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation
- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV. **REMEDIES SOUGHT** (check all that apply):
   ☒ Monetary;
   ☒ Non-monetary declaratory or injunctive relief;
   ☒ Punitive

V. **NUMBER OF CAUSES OF ACTION:**
   (Specify)

   5

VI. **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ Yes
   ☒ No

VII. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ No
   ☐ Yes – If "yes" list all related cases by name, case number and court:

VIII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ Yes
   ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:  s/ Jaitegh Singh
            Attorney or party
FL Bar No.: 100800
            (Bar number, if attorney)
            Jaitegh Singh
            (Type or print name)
Date:  02/05/2020

IN THE CIRCUIT COURT OF THE 17TH JUDICAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

| | |
|---|---|
| VAL SKLAROV, individually<br><br>                   Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC.,<br><br>                   Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR DEFAMATION AND DEMAND FOR JURY TRIAL** |

Plaintiff, **VAL SKLAROV,** through undersigned counsel, files suit against Defendant **CO-DIAGNOSTICS, INC.** and attempts to seek relief in the amount of civil penalties for defamation.

## I. INTRODUCTION

Plaintiff through undersigned counsel, files suit against Defendant and attempts to seek relief for civil penalties from the incident that occurred where Defendant CO-DIAGNOSTICS, INC. issued defamatory statements about VAL SKLAROV in their most recently filed quarterly, annual, and current reports with the Securities & Exchange Commission ("SEC"). The Defendant is liable for civil penalties for defamation.

## II. PARTIES

1. **VAL SKLAROV** (hereinafter "Plaintiff") at all relevant times is a resident of the city of Fort Lauderdale, Florida.

2. Defendant, **CO-DIAGNOSTICS, INC.** (hereinafter "Defendant") at all relevant times is a corporation with the principal place of business in Fort Lauderdale, Florida.

3. At all relevant times, the defamation occurred while transacting business in Florida.

## III. JURISDICTION AND VENUE

4. This Court is vested with jurisdiction over the Defendant because the Defendant has made a defamatory statement in the state of Florida.

5. Plaintiff has suffered damages in excess of $15,000.00.

6. Venue of this action is proper in Broward County under Florida Statutes § 47.051 because a significant act or omission arose in this county and the Defendant transacts business here.

## IV. FACTS COMMON TO ALL COUNTS

7. Plaintiffs come to the court to seek relief from the incident that occurred when Defendant issued negative statements about Plaintiff in its most recently filed quarterly, annual, and current reports with the Securities & Exchange Commission ("SEC"). The Defendant is liable for civil penalties under defamation.

## V. CLAIM FOR RELIEF – DEFAMATION

8. Communication is defamatory if it tends to harm the reputation of another as to lower him in estimation of community or deter third persons from associating or dealing with him. Restatement (Second) of Torts § 559. Thomas v. Jacksonville Television, Inc., 699 So. 2d 800 (Fla. Dist. Ct. App. 1997).

9. There is a distinction between defamations "per se" and defamations "per quod" in that some statements are so obviously defamatory, that is, damaging to reputation, that mere publication of them give rise to an absolute presumption both of malice and damage. Wolfson v. Kirk, 273 So. 2d 774 (Fla. Dist. Ct. App. 1973).

10. Communication is "defamatory" if it tends to harm the reputation of another as to lower him or her in the estimation of the community or deter third persons from associating or dealing with the defamed party. Mile Marker, Inc. v. Petersen Publ'g, L.L.C., 811 So. 2d 841 (Fla. Dist.

Ct. App. 2002); LRX, Inc. v. Horizon Assocs. Joint Venture ex rel. Horizon-ANF, Inc., 842 So. 2d 881 (Fla. Dist. Ct. App. 2003); Mile Marker, Inc. v. Petersen Publ'g, L.L.C., 811 So. 2d 841 (Fla. Dist. Ct. App. 2002).

11. Under common law, communication to an employer regarding the employee's performance is conditionally privileged and the mode, manner, or purpose of the communication would go to the question of abuse or forfeiture of the privilege. Nodar v. Galbreath, 462 So. 2d 803 (Fla. 1984).

12. Words are defamatory when they tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession. Am. Airlines, Inc. v. Geddes, 960 So. 2d 830 (Fla. Dist. Ct. App. 2007).

13. Here, it is clear Defendant's, CO-DIAGNOSTICS, INC., statements are defamatory because the statements made about VAL SKLAROV in the documents filed with the SEC tends to harm VAL SKLAROV's reputation as to lower him in estimation of community or deter third persons from associating or dealing with him in terms of his business and personally.

14. Further, VAL SKLAROV and his business were hurt, not only the relationship with CO-DIAGNOSTICS, INC., but also all other business partners and personal life equating to damages of at least $5,000,000.

## VI. CAUSE OF ACTION – DEFAMATION PER SE

15. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

16. To prevail on a defamation claim, plaintiff must establish (1) false and defamatory statement concerning another, (2) unprivileged publication to a third party, (3) fault amounting to at least negligence on part of the publisher, and (4) either actionability of the statement irrespective of

special harm or existence of special harm caused by the publication. Restatement (Second) of Torts § 558. Thomas v. Jacksonville Television, Inc., 699 So. 2d 800 (Fla. Dist. Ct. App. 1997).

17. Defendant, as alleged herein, published numerous false, misleading, and defamatory statements to severely harm and damage Plaintiff's reputation, which were widely republished. Specifically, Defendant published defamatory statements in this district, nationally, and internationally the falsity that Plaintiff is a "dangerous" corporation that engaged in discrimination.

18. Under common law, "it is established…that an oral communication is actionable per se - that is, without a showing of special damage - if it imputes to another (a) criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics or a condition incompatible with the proper exercise *of his lawful business*, trade, profession or office, or (d) the other being a woman, acts of unchastity." Wolfson v. Kirk, 273 So. 2d 774, 777 (Fla. Dist. Ct. App. 1973).

19. Specifically, Defendant published false and misleading facts, *inter alia*, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of lawful business, trade, profession or office as a journalist, as well as personally.

20. These false and misleading statements were published with malice, as Defendant knew that they were false and misleading, and/or at a minimum acted and published with a reckless disregard for the truth.

21. These false, misleading, and defamatory statements are defamatory *per se* because these false and misleading statements severely harmed and damaged Plaintiff in the company's profession and business as an investigative journalist, as they concern conduct and characteristics

incompatible with being an investigative journalist, and personally. Damages are presumed when defamation *per se* is shown as alleged herein.

## VII. CAUSE OF ACTION – DEFAMATION BY IMPLICATION

22. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Amended Complaint as if fully set forth herein.

23. Courts recognize a cause of action for defamation by implication. Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098 (Fla. 2008).

24. Defamation has the following five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory. Restatement (Second) of Torts §§ 558B, 580A–580B. Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098 (Fla. 2008).

25. In defamation cases, the interest sought to be protected is the objective one of either reputation, economic, political, or personal, in the outside world. Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098 (Fla. 2008).

26. The Doctrine of compelled self-defamation, pursuant to which the publication element of defamation would be eliminated, was not recognized in this state, and thus the employee, who alleged that he was compelled by law to disclose to prospective employers her former employer's false reasons for her termination, which had been communicated by former employer to her alone, failed to satisfy the publication element to prevail on a defamation claim against her former employer. Valencia v. Citibank Int'l, 728 So. 2d 330 (Fla. Dist. Ct. App. 1999).

27. Defamation is not a question of the existence of some individual or individuals with views sufficiently peculiar to regard as derogatory what the vast majority of people regard as innocent. Restatement (Second) of Torts § 559 cmt. (e). Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098 (Fla. 2008).

28. Defendant published numerous false, misleading, and defamatory statements about Plaintiff, as set forth in the preceding paragraphs.

29. These false, misleading and defamatory statements were published on the internet and published and republished elsewhere in this district, nationally, and internationally for the entire world to see and hear.

30. These false and misleading statements were published with malice, as Defendant knew that they were false and misleading, and/or at a minimum acted with a reckless disregard for the truth.

31. These statements created the false and misleading implication that Plaintiff has engaged in hate and/or violence and is a "dangerous" Corporation.

32. Plaintiff has been severely harmed and damaged by these false and misleading statements because they subject him to hatred, distrust, ridicule, contempt, and disgrace, as well as put him life in danger by those who would seek to retaliate against him.

33. Plaintiff has been damaged by these false and misleading statements because the statements severely harmed Plaintiff in his profession and business as an investigative journalist, as well as personally, as pled herein.

## VIII. CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

34. Publishers have a fiduciary duty to not cause harm to those who use their platform and their own customers on the platform must be protected from defamation.

35. Directors of corporations, in fulfilling their managerial responsibilities, are charged with certain fiduciary duties. The primary fiduciary duties are the duty of care and the duty of loyalty.

36. The duty of care requires that directors inform themselves "prior to making a business decision, of all material information reasonably available to them." Smith v. Van Gorkem, 488 A.2d 858 (1985).

37. Whether the directors were informed of all material information depends on the quality of the information, the advice available, and whether the directors had "sufficient opportunity to acquire knowledge concerning the problem before action." Moran v. Household Intern., Inc., 490 A.2d 1059 (1985).

38. Moreover, a director may not simply accept the information presented. Rather, the director must assess the information with a "critical eye," so as to protect the interests of the corporations and its stockholders. Smith v. Van Gorkem, 488 A.2d 858 (1985).

39. The duty of loyalty means that all directors and officers of a corporation working in their capacities as corporate fiduciaries must act without personal economic conflict. As the Delaware Supreme Court explained in Guth v. Loft, 5 A.2d 503, 510 (Del. 1939), "Corporate officers and directors are not permitted to use their position of trust and confidence to further their private interest."

40. Under the duty of good faith, a corporation's directors and officers must advance interests of the corporation and fulfill their duties without violating the law. In re The Walt Disney Co. Derivative Litig., 906 A.2d 27 (Del. 2006).

41. Under the duty of confidentiality, a corporation's directors and officers must keep corporate information confidential and not disclose it for their own benefit. *Guth v. Loft, Inc.*, 5 A.2d 503 (Del. 1939).

42. This duty requires directors to act with "complete candor." In certain circumstances, this requires the directors to disclose to the stockholders "all of the facts and circumstances" relevant to the directors' decision. *Amgen Inc. v. Harris*, 136 U.S. 758 (2016).

## IX. CAUSE OF ACTION – EXTORTION & TORTIOUS INTERFERENCE

43. The use of force, or the threat of force, to obtain money, something of value, or services from a person is often known as the criminal offense of extortion. Many jurisdictions classify extortion as a "crime against property" or a theft-related offense, but the threat of harm to a person is an essential element of the offense. This could consist of physical harm, financial harm, destruction of property, or abuse of official power.

44. The extortion statute defines the offense based on two elements, the alleged perpetrator's objective and the means used, offers a good example of extortion's legal definition. The statute prohibits a person (1) from obtaining someone else's property or "an official act of a public officer;" (2) by wrongfully using force against the person, instilling fear of harm in the person, or acting "under color of official right."

45. Under common law, the offense of extortion typically requires the use of interstate communications to make a threat. Threats to foreign officials in order to obtain some sort of official benefit may also be prosecuted as extortion under law. Certain officials are subject to additional statutes of regulations regarding extortion, such as laws prohibiting customs officials from demanding additional fees at ports.

46. Under common law, tortious interference occurs when one person intentionally damages someone else's contractual or business relationships with a third party causing economic harm.

## X. PRAYER FOR RELIEF

47. Therefore, since Plaintiff's has been defamed by Defendant, Plaintiff asks for civil and punitive damages to cover the harm to Plaintiff's reputation and business relationships.

## XI. CONCLUSION

In conclusion, Plaintiff asks for civil and punitive damages from Defendant for Defendant's defamation of Plaintiff.

### JURY TRIAL DEMANDED

Fort Lauderdale, Florida
October 3, 2019

Jajtegh Singh, Esq.
FBN: #100800
*Attorney for Plaintiffs*
Singh Law Firm, P.A.
6610 N. University Drive
Suite 220
Ft. Lauderdale, FL 33321
(212) 687-2578
jt@jtsinghlawfirm.com