UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:20-cv-60461-RUIZ

VAL SKLAROV, individually

    Plaintiff,

vs.

CO-DIAGNOSTICS, INC., a Utah corporation.

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Co-Diagnostics, Inc. ("CoDi" or "Defendant), through the undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff Val Sklarov's ("Sklarov" or "Plaintiff") Complaint [DE 1-2].

**I.    PRELIMINARY STATEMENT**

Plaintiff initiated this action through the filing of a Complaint (the "Complaint") against the Defendant asserting claims sounding in defamation, defamation *per se*, defamation by implication, breach of fiduciary duty, extortion, and tortious interference. The Complaint was originally filed in the Seventeenth Judicial Circuit in and for Broward County, Florida, but was removed to this Court on March 2, 2020 [DE 1].

CoDi brings the instant motion to dismiss the Complaint on the ground that Plaintiff has failed to state a claim upon which relief may be granted, due to Plaintiff's failure to adequately plead its claims. Federal (and state) rules of pleading require a plaintiff to allege facts sufficient to apprise a defendant of the nature of the claims brought against it, and require the plaintiff to

make well-pled allegations in so doing.  Threadbare pleadings consisting merely of recitations of the elements of a cause of action are insufficient to withstand the scrutiny of a motion to dismiss.

This motion should be granted because Plaintiff's pleadings are the quintessential example of insufficient threadbare pleadings which simply (but not even in all cases) recite the elements of the claim.  And while three of the claims sound in defamation, Plaintiff has failed to plead the alleged defamatory statement, to whom it was made, when or where it was published, or a single other detail sufficient to identify the alleged statement.  Moreover, Plaintiff has only generally recited the remaining elements such as falsity and damages, without making any actual factual allegations concerning same.  In fact, as discussed below, Plaintiff did not even plead certain of the required elements of the claim, even in threadbare fashion.

Plaintiff also failed to plead any facts to support its remaining claims, sounding in breach of fiduciary duty, extortion, and tortious interference.  The pleadings consist of nothing more than recitations of case law which sets forth the elements of the claims.  No fiduciary duty ostensibly owed by Defendant to Plaintiff, nor the basis for same, is set forth whatsoever.  No manner by which same might have been breach is alleged.  The extortion and tortious interference claims are similarly bereft of any supporting allegations.  As such these claims must be dismissed for failure to state a claim.

In sum, the Complaint does not provide the Defendant with any notice of facts which form the basis of Plaintiff's claims, and it therefore fails to state any claim upon which relief may be granted.  In the same vein, Defendant is unable to present any defense on the merits of such claims.  The Complaint must be dismissed in its entirety.

## II. STATEMENT OF FACTS

The entirety of the factual allegations of the Complaint are as follows. Plaintiff alleges that CoDi "issued negative statements about Plaintiff in its most recently filed quarterly, annual, and current reports with the Securities & Exchange Commission ("SEC")." (Compl., ¶7). Plaintiff further alleges Defendant published those statements to severely harm Plaintiff's reputation, and "[s]pecifically" did so in this district, nationally, and internationally." (Compl., ¶17). However, the actual statements are not alleged, no link to view them is alleged, their nature and content are not alleged with any specificity, no recipient of the statements is alleged, nor is a single other detail alleged. The greatest specificity provided by Plaintiff is that the alleged statement of Defendant "created the false and misleading implication that Plaintiff" – an individual – "is a dangerous corporation that engaged in discrimination" or "has engaged in hate and/or violence." (Compl., ¶¶17, 31). While Plaintiff vaguely referred to the implication of the ostensible statements, and the purported impression the statements gave some hypothetical listener, the Complaint gives no indication what statements Defendant actually made. In fact, the single word "dangerous" was put in quotations, however the rest of the allegation is not, making it clear that the allegations do not accurately or specifically set forth what was allegedly stated or published. Nor are the time, place, or publication containing the statement set forth.

Otherwise, Plaintiff simply alleges that "Defendant published false and misleading facts, *inter alia*, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of lawful business, trade, profession or office as a journalist, as well as personally." (Compl. ¶19). While the syntax employed makes it difficult to comprehend this allegation, what is clear is that it falls short of alleging any actual statement made by Defendant. So while Plaintiff

alleges that Defendant "published numerous false misleading, and defamatory statements," the Complaint falls short of alleging even one. (Compl. ¶17)

Plaintiff then passively, and in a conclusory fashion, alleges, without providing any further detail, that Defendant's statements are defamatory because they tend to harm Plaintiff's "reputation as to lower him in estimation of community or deter third persons from associating or dealing with him in terms of his business and personally." (Compl., ¶13).

Plaintiff's allegations concerning damages are similarly deficient. He conclusively, and without further supporting factual allegation, alleges that he and his business were hurt regarding all of his "business partners and personal life equating to damages of at least $5,000,000." (Compl. ¶14). Plaintiff robotically recites an element of the claim in alleging that the "statements severely harmed and damaged Plaintiff in the company's profession and business as an investigative journalist, as they apparently concern conduct and characteristics incompatible with being an investigative journalist, and personally (Compl., ¶21), and because they purportedly subject him to hatred distrust, and ridicule, and put his life in danger (Compl., ¶32). No further allegations concerning the ostensible damages are alleged, including the manner by which Plaintiff's business was damaged, the manner by which the statements subject him to hatred, etc., or how they put his life in danger.

No facts are alleged concerning Plaintiff's additional claims for breach of fiduciary duty, extortion, or tortious interference. (Compl. ¶¶34-47).

### III. ARGUMENT

#### A. STANDARD ON A MOTION TO DISMISS

The purpose of a motion to dismiss is to determine whether the complaint states a claim for relief. *Sun Life Assurance Co. of Canada v. Imperial Premium Fin.*, LLC, 904 F.3d 1197, 1207 (11th Cir. 2018). While the well-pled facts will be accepted as true, the Court is not required to accept as true a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, the language employed by the courts in holding that inferences must be made in favor of the pleader conditions that such inferences be reasonable; and courts should use their "judicial experience and common sense when construing the allegations in a complaint." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012).

Still, while a Court will make reasonable inferences in favor of the Plaintiff, the Court is not required to "draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). "Bald assertions" are insufficient, and a Court will not take as true "unwarranted deductions of fact." *Id.*; *see also Iqbal*, 556 U.S. at 681 (conclusory allegations are not entitled to an assumption of truth). A claim only has facial plausibility sufficient to survive a motion to dismiss when a plaintiff pleads factual content sufficient to support a reasonable inference that the defendant is liable for some misconduct and the mere possibility that the defendant acted unlawfully is not sufficient to survive such a motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations must make the claim plausible, which is a higher standard than the claims being conceivable. *Id*. To that extent, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A pleading merely offering labels and conclusions or a formulaic recitation of the elements of the cause of action will be dismissed. *Twombly*, 550 U.S. at 555.

Fed.R.Civ.P. 8(a)(2) provides that a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." The Eleventh Circuit has held that the factual allegations must raise a right to relief above the level of speculation. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). The Complaint must "contain sufficient factual matter to support a reasonable inference that" Defendant defamed Plaintiff. *Henderson v. JP Morgan Chase Bank, N.A.*, 436 Fed.Appx. 935, 937 (11th Cir. 2011). The pleading must set forth "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ceant v. Aventura Limousine & Transp. Service, Inc.*, 874 F.Supp.2d 1373, 1376 (S.D. Fla. 2012).[1]

**B.    THE DEFAMATION CLAIMS ARE INSUFFICIENTLY PLEAD AND MUST BE DISMISSED**

Plaintiff failed to adequately plead its claims for defamation, and as a result these claims must be dismissed. Plaintiff has only made threadbare recitals of the elements of the claim without setting forth what the alleged defamatory statement was, who it was made to, when it was made, or any other details, aside from alleging vague implications of the unspecified statement.

At the very outset, Plaintiff failed to plead a condition precedent to a defamation suit, he did not allege notice under Fla. Stat. §770.01. This statute provides that "the plaintiff shall, at least

---

[1] As the Court is aware, Plaintiff filed this Complaint in state court before Defendant removed it. To the extent it matters for purposes of this motion, the standard on a motion to dismiss under Florida law is substantially similar to the standard employed in this Circuit: "A motion to dismiss tests the legal sufficiency of the complaint." *Gossett v. Gossett*, 182 So. 3d 694, 696 (Fla. 4th DCA 2015) "Although courts must liberally construe, and accept as true, factual allegations in a complaint, as well as reasonable inferences therefrom, there is no obligation to accept internally inconsistent factual claims, conclusory allegations, unwarranted deductions, or mere legal conclusions made by a party." *W.R. Townsend Contracting, Inc. v. Jensen Civil Const., Inc.*, 728 So.2d 297, 300 (Fla. 1st DCA 1999) (internal citations omitted).

5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory." Fla. Stat. §770.01.  Plaintiff's failure to allege compliance with this requirement requires dismissal of the Complaint, and provides additional support for the arguments below, that the Complaint fails to give notice of the factual basis for the claims.

    1. *Plaintiff Failed to Adequately Allege a Claim For Defamation*

In order to plead a claim for defamation a party must allege (1) the publication; (2) of a false statement; (3) with knowledge or negligence as to the falsity of the matter; (4) causing actual damages; and (5) the statement must actually be defamatory. *Internet Solutions Corp. v. Marshall*, 39 So.3d 1201, 1214 (Fla. 2010).  "In a defamation case, a plaintiff must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred." *Five for Entertainment S.A. v. Rodriguez*, 877 F.Supp.2d 1321, 1328 (S.D. Fla. 2012); *citing*, *Morrison v. Morgan Stanley Props.*, No. 06-80751, 2008 WL 1771871, at *10 (S.D. Fla. 2008); *Hawke v. Broward National Bank of Fort Lauderdale*, 220 So.2d 678 (Fla. 4th DCA 1969).

The Plaintiff failed to adequately plead a single element of his defamation claim, and therefore the claim must be dismissed.  The entirety of Plaintiff's pleadings consist of the exact type of conclusions of law and threadbare recitals of the elements of the claim which all of the aforementioned cases declare insufficient to withstand scrutiny under a 12(b)(6) motion.  The cases of *Five for Entertainment S.A.* and *Morrison* set forth certain of the minimum requirements of a Complaint in order for the allegations of same to be deemed well-pled for the purposes of determining the sufficiency thereof.  Plaintiff's allegations do not come close to meeting the standard.

Most notably, Plaintiff failed to set forth the allegedly defamatory statement, or even provide a description of same, which is the most basic feature of a claim for defamation. The case law in Florida is unequivocal; the alleged defamatory statement must actually be set out in the complaint. *See*, *Edward L. Nezelek, Inc. v. Sunbeam Television Corp.*, 413 So.2d 51, 55 (Fla. 3d DCA 1982) (alleged defamatory statement must be set out in the complaint, though need not be verbatim); *Cooper v. Miami Herald Publishing Co.*, 31 So.2d 382, 384 (Fla. 1947). Indeed, the only attempted allegation concerning any statement by Defendant, albeit entirely insufficient and vague, is that it published some unspecified statement ostensibly referring to Plaintiff as a dangerous corporation that engaged in discrimination. First, this is nonsensical – the Plaintiff is an individual not a corporation. Second, and more pertinent, by referring to the alleged statement in the vaguest possible terms, Plaintiff has provided Defendant with absolutely no notice of the alleged occurrence so that Defendant may defend itself, or even such that this Court may scrutinize the purported statement for the purposes of this motion.

In that regard, with respect to that portion of the allegation vaguely alleging that Defendant published the statement that Plaintiff engaged in discrimination, greater specificity as to the actual alleged statement is required. Of course, one could conceivably infer that the discrimination was of an unlawful or unethical nature, but that is not what is alleged and Defendant is not entitled to such a presumption; a defamation claim is thus *conceivable*, but the scarcity of factual matter makes no inference of defamation reasonable. *Twombly* at 570. In order for this allegation to be sufficient, Plaintiff was required to set forth what it is that it contends Defendant published so as to support Plaintiff's legally irrelevant conclusion that the alleged statement accused him of discrimination. A vague implication that Defendant's statement imputed a discriminatory nature upon Plaintiff alone is insufficient and cannot form the basis of a defamation claim.

This fails the *Twombly* analysis in that it merely raises the possibility, one that here can only be based on speculation due to the vacant pleadings, that the Defendant engaged in wrongdoing. *Twombly*, 550 U.S. at 570. But Plaintiff is entitled to no inference by the Court that Defendant made any statement accusing Defendant of unethical or unlawful discrimination without a specific allegation of same. Ultimately, all of the above cited case law require a more detailed description of the statement allegedly made and the pleading surrounding same is woefully deficient, warranting dismissal.

Plaintiff also failed to set forth the additional specific allegations required towards his claim as detailed in *Five for Entertainment S.A.* and *Morrison* above. First, Plaintiff did not identify the speaker or maker of the statement. To this extent, Plaintiff cannot rely on its allegation that the Defendant corporation made the statement, as a corporation is operated by individuals, and an individual responsible for the statement should be alleged when known. For example, in *Fowler v. Taco Viva, Inc.*, 646 F.Supp. 152 (S.D. Fla. 1986), despite suing a corporate entity, the Court still deemed the pleadings insufficient where the identity of the speaker was not alleged. *Id*. at 157-58. Plaintiff also failed to set forth any time frame during which the statement was made or in which publication it was published. Therefore, not only is Defendant unable to identify the statement it (or one of its employees or agents) actually made in order to prepare a defense, but with that information Defendant could have presented the precise statement to the Court in order to determine whether the Court was willing to allow this litigation to continue. Perhaps the statement is provably true; perhaps the nature of the statement subjects it to some qualified privilege thus removing it from the ambit of a defamation claim; or perhaps the actual statement differs significantly from the implication of Plaintiff's vague inferential reference to the statement, rendering it not actionable. All of these are impossible to answer, and thus Defendant is unable to

defend itself, because Plaintiff failed to set forth a single detail about the alleged statement – the very basis of its lawsuit.

Accordingly, because Plaintiff failed to sufficiently allege any defamatory statement, the most basic aspect of its claim, this motion should be granted and the Complaint should be dismissed.

Next, Plaintiff failed to sufficiently allege the remaining elements of its claim.

With respect to publication, as alluded to above, Plaintiff failed to allege any details regarding the publication of the alleged statement, such as the identity of the person causing the publication, the time frame within which the publication was allegedly made, or where, exactly, the publication was made (other than a vague and ambiguous reference to Plaintiff's SEC filings). Plaintiff only makes a bare conclusion that the statement was published.

With respect to the falsity of the statement, Plaintiff again, in bare conclusory fashion, alleges the statement made against it was false. However, Plaintiff sets forth no manner by which the alleged statement was false, but merely states it to be so.[2] The inadequacy of this bare conclusion is compounded by the fact that the statement has not been set forth in any detail sufficient to state a claim. Similarly, with respect to Defendant's knowledge of the falsity of the alleged statement, Plaintiff simply, and in a conclusory fashion, alleges that "Defendant knew that they were false and misleading, and/or at a minimum acted with a reckless disregard for the truth." (Compl. ¶30). Plaintiff thereby simply recites the element of the claim without any factual basis for same. Therefore, neither of these elements have been adequately pled.

---

[2] For example, Plaintiff does not set forth that he has never engaged in any discrimination; highlighting the need for specificity of the alleged statement – Plaintiff would have to allege that he never engaged in the type of discrimination of which the alleged statement accuses him.

Similarly, and in part because the purported statement was not alleged, Plaintiff has failed to allege that the statement was actually defamatory. Plaintiff correctly acknowledges that statements must be actually defamatory to be actionable, and himself cites caselaw holding that a statement is defamatory if it tends to harm the reputation or deter persons from associating or dealing with the defamed party. *Mile Marker, Inc. v. Petersen Publ'g, L.L.C.*, 811 So. 2d 841 (Fla. 4th DCA 2002). However, the Complaint consists of only threadbare recitations of this element and does not set forth any factual basis upon which the legal conclusion, that the purported statement was actually defamatory, is made. As such the Complaint fails to set forth a factual basis upon which it can be said that this element has been well-pled.

Finally, Plaintiff has failed to adequately alleged that he was actually damaged. Again, in pure conclusory fashion, Plaintiff alleges that he "and his business were hurt, not only the relationship with CO-DIAGNOSTICS, INC., but also all other business partners and personal life equating to damages of at least $5,000,000." (Compl. ¶14). Plaintiff also alleges to have been damaged "because the statements severely harmed Plaintiff in his profession and business as an investigative journalist, as well as personally." (Compl. ¶33). However, beyond reciting that he was damaged, no manner of such alleged damage is set forth. No particular instance of damage or any event causing any financial or other loss is stated. He does not allege any damage to any particular relationship or business expectancy, nor is any particular monetary event alleged. Plaintiff has basically plead that 'he has been damaged in that he has been damaged.' This is the textbook bare conclusory statement. As such the element is not well-plead and the claim therefore fails.

Accordingly, because Plaintiff has failed to adequately allege a single element of his claim for defamation, it must be dismissed.

### 2. *Plaintiff Failed to Adequately Allege a Claim For Defamation per se*

Plaintiff failed to state a claim for defamation *per se*. First, for the reasons stated above, Plaintiff's claims, including defamation *per se*, cannot be sustained and must be dismissed. Indeed, Plaintiff has failed to plead any of the elements of defamation and that precludes his claim for defamation *per se* because it is merely an extension of the defamation elements but abrogates the need to plead and prove damages in certain situations. While Plaintiff's failure to plead any of the elements of defamation preclude his defamation *per se* claim, he has also failed to plead defamation *per se* so as to abrogate the need to plead and prove damages.

A statement is actionable without showing special damages where, *inter alia*, it imputes characteristics, conduct, or a condition which is incompatible with the proper exercise of that person's lawful business, profession, trade, or office. *Wolfson v. Kirk*, 273 So.2d 774, 777 (Fla. Dist. Ct. App. 1973).

For his allegations concerning defamation *per se*, Plaintiff has simply recited the case law as it pertains to this element, alleging that the "Defendant published false and misleading facts, *inter alia*, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of lawful business, trade, profession or office as a journalist, as well as personally." (Compl. ¶20). Not only does this allegation fail to actually set forth any facts, but it is so obviously a word for word recitation of the language employed in case law generally describing the elements. It is so wildly unspecific and vague as to render it worthless.

As such, because Plaintiff failed to plead any of the essential elements of defamation, and he failed to adequately plead any special circumstance giving rise to defamation *per se*, this claim must also be dismissed.

### 3. *Plaintiff Failed to Adequately Allege a Claim For Defamation By Implication*

Plaintiff's final defamation claim, that for defamation by implication, must also be dismissed as inadequately plead. "Defamation by implication arises, not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts…" *Klayman v. Judicial Watch, Inc.*, 22 F.Supp.3d 1240, 1254 (S.D. Fla. 2014).

Under the first category, a defendant would have to make a series of true statements which are conveyed in a manner to create a false impression. *Id*. Plaintiff has alleged nothing of the sort. Under the second category, a defendant would have to, what would amount to, make a defamatory error of omission. Plaintiff has alleged nothing of the sort. The pleadings do not come close to setting forth any factual basis for the claim; in fact Plaintiff did not even mechanically recite the elements of this claim as he did for the previous two defamation claims.

As a result, this claim for defamation by implication must be dismissed.

### C. THE REMAINING CLAIMS MUST BE DISMISSED AS UNSUPPORTED BY A SINGLE FACTUAL ALLEGATION

Plaintiff's remaining claims are not supported by a single factual allegation. In fact, the Complaint does nothing more than recite case law setting forth the required elements for each of these claims. Unbelievably Plaintiff then failed to plead any of those elements. Therefore, these claims must be dismissed.

### 1. *The Claim For Breach of Fiduciary Duty Must Be Dismissed*

Plaintiff failed to even attempt to allege any elements of this claim and it therefore must be dismissed. In order to state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) resulting damages. *Treco Intern. S.A. v. Kromka*, 706 F.Supp.2d 1283, 1288 (S.D. Fla. 2010). Plaintiff alleged none of these

elements. It is not even arguable. Therefore, the claim must be dismissed. In fact, in failing so entirely to make any factual allegations whatsoever, the claim for breach of fiduciary duty is frivolous as a matter of law.

### 2. *The Claim For Extortion Must Be Dismissed*

Again, briefly, Plaintiff alleged no facts in support of his claim for extortion. Under the substantive laws of the State of Florida, there is no private civil cause of action for the violation of the extortion statute. *Bass v. Morgan, Lewis & Bockius*, 516 So.2d 1011, 1011-12 (Fla. 3d DCA 1987); *Miami Herald Publishing Co. v. Ferre*, 636 F.Supp. 970, 976-77 (S.D. Fla. 1985). As such, this claim for extortion must be dismissed.

### 3. *The Claim For Tortious Interference Must Be Dismissed*

Finally, and again briefly, Plaintiff alleged no facts in support of his claim for tortious interference. "Four elements are required to establish tortious interference with a contractual or business relationship: (1) the existence of a business relationship or contract; (2) knowledge of the business relationship or contract on the part of the defendant; (3) an intentional and unjustified interference with the business relationship or procurement of the contract's breach; and (4) damage to the plaintiff as a result of the interference." *See Tamiami Trail Tours, Inc. v. Cotton,* 463 So.2d 1126, 1127 (Fla. 1985). Plaintiff did not plead a single element of this claim, nor can it in any way be even arguably said that any attempt has been made to do so. Therefore, this claim for tortious interference must be dismissed.

## IV.  **CONCLUSION**

Plaintiff's Complaint fails to meet the most basic pleading thresholds. It fails to adequately state a single cause of action. Accordingly, for the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

Dated: <u>March 9, 2020</u>    By:<u>/s/   *Josh Spoont*</u>
        Joshua L. Spoont
        josh@sodhispoont.com
        Florida Bar No. 53263
        Eric M. Sodhi
        eric@sodhispoont.com
        Florida Bar No. 583871
        SODHI SPOONT PLLC
        3050 Biscayne Blvd., Suite 904
        Miami, Florida 33137
        *Co-Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and served the foregoing via e-mail upon:

Jaitegh Singh, Esq.
Singh Law Firm, P.A.
6610 N. University Dr., Ste. 220
Ft. Lauderdale, FL 33321
jt@jtsinghlawfirm.com
*Counsel for Plaintiff*

        <u>/s/   *Josh Spoont*</u>
        Joshua L. Spoont