UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.  0:20-cv-60461-RUIZ

VAL SKLAROV, individually

    Plaintiff,

vs.

CO-DIAGNOSTICS, INC., a Utah corporation.

    Defendant.
_____/

### DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11

Defendant, Co-Diagnostics, Inc. ("CODX"), through undersigned counsel and pursuant to Rule 11 of the Federal Rules of Civil Procedure, hereby moves for sanctions against Plaintiff, Val Sklarov, and his counsel, and states:

1. On February 5, 2020, Plaintiff commenced this lawsuit in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, which was recently removed to this Court.  [DE 1].

2. Plaintiff's Complaint [DE 1-2] is entirely frivolous, legally and factually, most notably in that it fails to set forth any factual allegations whatsoever which may support any of the spurious claims asserted.  In fact, as discussed below, the Complaint is so devoid of factual allegations, as well as factual or legal support, as to render same sanctionable under Rule 11.

3. The entire underpinning of Plaintiff's Complaint – all five baseless counts – is set forth in a single factual allegation: "Plaintiffs [sic] come to the court to seek relief from the incident that occurred when Defendant issued negative statements about Plaintiff in its most recently filed

quarterly, annual and current reports with the Securites & Exchange Commission ("SEC"). The Defendant is liable for civil penalties under defamation." Compl. at ¶ 7. What follows that single allegation is forty rambling paragraphs, spread out over five counts, that do nothing more than blindly (and incorrectly) recite the elements of various causes of action, replete with citations to inapposite case law and summaries of common law.

4.     Whether by happenstance or design – we suspect the latter – Plaintiff wholly failed to actually identify the "negative statements" about him that purportedly form the basis for his claims. That is because the *only* statement CODX has ever published about Plaintiff was nothing more than a short recitation of the truth. It appeared in CODX's Form 8-K, filed with the SEC on January 18, 2019.[1] In pertinent part, CODX's 8-K provided (emphasis added):

> On January 18, 2019, Bentley Rothschild Financial LLC ("Bentley") filed a Schedule 13G claiming it was the owner of 1,134,897 shares of common stock of Co-Diagnostics, Inc. (the "Company").
>
> Bentley purportedly obtained the shares as a result of a Second Addendum, dated December 4, 2018 (" Second Addendum ") to a Master Loan Agreement, dated April 2, 2018 (the " Master Loan Agreement "), between Dr. Brent Satterfield, the Company's Chief Science Officer and one of the Company's directors, and America 2030 Capital (" America 2030 " and, together with Bentley, the " Lenders "). The Master Loan Agreement purported to be a loan agreement that required Dr. Satterfield to pledge his 2,269,795 shares of the Company's common stock, which Dr. Satterfield did by transferring the 2,269,795 shares of common stock evenly between Bentley and America 2030 as required by the Second Addendum. Dr. Satterfield received approximately $66,000 from the Lenders. ***The Second Addendum was signed by Dr. Satterfield and Val Sklarov, who signed as the Operations Manager of both Bentley and America 2030***.
>
> After America 2030 presented a legal opinion to the Company's transfer agent, drafted by Steve Roberts, an attorney from Baton Rouge, Louisiana, the transfer agent transferred 1,134,898 shares of the Company's common stock to a brokerage account for America 2030. The Company estimates that America 2030 sold approximately 900,000 shares of the Company's common stock.

---

[1] The complete Form 8-K is accessible here:
https://www.sec.gov/Archives/edgar/data/1692415/000149315219000974/form8-k.htm

Dr. Satterfield filed an action in the Supreme Court of the State of New York (New York County) and obtained a preliminary injunction against America 2030, Bentley, and the Company's transfer agent (Index no. 650311/2019). Dr. Satterfield believes the shares were sold wrongfully by America 2030 as part of a fraudulent scheme.

5. Therefore, same statement very clearly cannot form the basis for a defamation claim and Plaintiff has not and cannot plead a single fact to support his claims.

6. Moreover, as discussed below and in CODX's recently filed Motion to Dismiss, the Complaint is legally insufficient and falls fall short of meeting any acceptable standard of pleading.

7. Under Rule 11, if Plaintiff continues to pursue this lawsuit, Plaintiff's counsel is deemed to certify to this Court that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," and that "the claims … and other legal contentions are warranted by existing law." Fed. R. Civ. P. 11(b)(2) and (3).

8. Not only is there no factual support for any of the evidentiary contentions, as detailed above, but the claims are not warranted by law, and with respect to certain of same claims, no attempt to plead any facts was even made.

9. First, all three of the defamation claims asserted are insufficiently pled as a matter of law. Indeed, were if not for the fact that CODX has only ever made a single statement about Plaintiff, the pleadings are so devoid of any factual allegations that CODX would otherwise be unable to ascertain what the actual basis of the lawsuit is.

10. As counsel for Plaintiff is aware (or should have been aware before filing the Complaint), in order to adequately plead a claim for defamation Plaintiff must allege (1) the publication; (2) of a false statement; (3) with knowledge or negligence as to the falsity of the

matter; (4) causing actual damages; and (5) the statement must actually be defamatory. *Internet Solutions Corp. v. Marshall*, 39 So.3d 1201, 1214 (Fla. 2010).

11. Plaintiff has not pled a single allegedly defamatory statement, or any statement whatsoever, made by CODX about Plaintiff. Therefore, the Complaint fails the most basic pleadings requirements under federal law (Rule 8) or state law (Fla. R. Civ. P. 1.110). To that extent, the Complaint is vague and indefinite and is subject to immediate dismissal. Moreover, the alleged defamatory statement must actually be set out in the complaint. *See Edward L. Nezelek, Inc. v. Sunbeam Television Corp.*, 413 So.2d 51, 55 (Fla. 3d DCA 1982) (alleged defamatory statement must be set out in the complaint, though need not be verbatim); *Cooper v. Miami Herald Publishing Co.*, 31 So.2d 382, 384 (Fla. 1947).

12. As such, the very first and most important element, and in fact the entire basis of any defamation claim, has not been set forth and on that basis alone the allegations provide no basis upon which relief may be granted. Indeed, the only attempted allegation concerning any statement by CODX, albeit entirely insufficient and vague, is that it published some unspecified statement ostensibly referring to Plaintiff as a dangerous corporation that engaged in discrimination. This is nonsensical – the Plaintiff is an individual not a corporation – and seems more likely an artifact of Plaintiff's counsel having copied and pasted pleadings from a different action.

13. Obviously, since no statement is alleged to have been published, Plaintiff cannot be said to have alleged, and he did not allege, that any such a statement was false, thus failing the second element. Next, Plaintiff failed to allege knowledge or negligence as to the falsity of any statement ostensibly made by CODX about Plaintiff, failing the third element of the claim. Plaintiff's counsel has only baldly asserted Plaintiff has been damaged in the amount of millions

of dollars without a single specific allegation as to how he was ostensibly so damaged. Finally, and again since Plaintiff has failed to actually identify any statement allegedly published by CODX regarding Plaintiff, Plaintiff cannot have possibly plead that the statement was actually defamatory and has failed to plead facts sufficient to make out the fifth element.

14.     Therefore, Plaintiff has, astoundingly, failed to plead a single element of this basic claim. The claim is subject for immediate dismissal and must be withdrawn. As a corollary, the claims for defamation per se and defamation by implication fail for same reasons, and most specifically because no defamatory statements were actually alleged. These claims must be withdrawn as well.

15.     Next, Plaintiff has similarly failed to plead a cause of action for breach of fiduciary duty. Instead, Plaintiff's counsel cited various case law generally describing various duties owed by corporations and their officers and directors. In order to adequately state this claim, Plaintiff must have alleged (1) the existence of a fiduciary duty; (2) breach of same duty; and (3) resulting damages. *Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002). Once again, Plaintiff failed to allege a single fact towards a single element of this claim. First, while the Complaint recites random case law describing duties generally owed, Plaintiff has not alleged any specific duty which was owed *to him*, and the Complaint does not allege any basis upon which any hypothetical duty might be owed. Second, Plaintiff has not alleged that any conceivable fiduciary duty, whether alleged, hypothetical or otherwise, has been breached in any respect. Finally, Plaintiff have not alleged any manner or measure of damages. Therefore, again, Plaintiff has failed to plead a single element of the claim and it must be withdrawn. Incidentally, Plaintiff did not allege a single element of this claim because he *cannot* allege a single element of this claim; it is a factual impossibility.

16. Finally, Plaintiff's claim for extortion and tortious interference fails for a similar lack of any factual allegations; as well for lack of any facts rooted in reality. First, while the count is styled as one claiming extortion and tortious interference, these are distinct claims, yet not a single paragraph of this count, nor any paragraph contained within the entire Complaint, even arguable pertains to tortious interference. No business relationships or contracts are alleged, and therefore no interference or damages were, or could have been, alleged. Second, similar to the claim for breach of fiduciary duty, the Complaint simply refers to certain case law concerning the claim of extortion, but does not make any factual allegations to support such a claim against CODX. As such, the claims ostensibly asserted under this count are deficiently plead, as a matter of law, and must be withdrawn. Once again, Plaintiff did not allege a single element of this claim because he *cannot* allege a single element of this claim; it is a factual impossibility.

17. Therefore, it is clear that in light of the actual statements made in CODX's SEC filings, no claim for defamation of any type exists. Additionally, each of the defamation claims were insufficiently plead.

18. Moreover, Plaintiff made no attempt to make a single factual allegation in support of his remaining claims, and no facts exist which could even theoretically support such claims.

19. Undersigned counsel takes no pleasure in filing this type of motion. But, as set forth above, Plaintiff's Complaint is so completely and utterly devoid of factual or legal basis, that the fact that CODX is forced to *any* spend time and money defending it warrants the imposition of sanctions.

WHEREFORE, Defendant Co-Diagnostics, Inc. respectfully requests that this Court enter an Order sanctioning Plaintiff and his counsel, as appropriate, under Rule 11, and award Defendant such other and further relief as the Court deems appropriate.

Dated: April 11, 2020          /s/   *Josh Spoont*
                                                 Joshua L. Spoont
                                                 josh@sodhispoont.com
                                                 Florida Bar No. 53263
                                                 Eric M. Sodhi
                                                 eric@sodhispoont.com
                                                 Florida Bar No. 583871
                                                 SODHI SPOONT PLLC
                                                 3050 Biscayne Blvd., Suite 904
                                                 Miami, Florida 33137
                                                 *Co-Counsel for Defendant*

## **CERTIFICATE OF COMPLIANCE WITH RULE 11 SAFE HARBOR**[2]

I hereby certify that on March 9, 2020, I served (but did not file, in accordance with Rule 11) the foregoing via e-mail and U.S Mail upon:

Jaitegh Singh, Esq.
Singh Law Firm, P.A.
6610 N. University Dr., Ste. 220
Ft. Lauderdale, FL 33321
jt@jtsinghlaw.com
*Counsel for Plaintiff*

                                                 /s/   *Josh Spoont*
                                                 Joshua L. Spoont

---

[2] Defendant allowed Plaintiff additional time to dismiss this action pursuant to Rule 11, through end of day on April 9, 2020.  This motion, as filed, is identical to the motion served on March 9, 2020, with the sole exceptions being this additional Certificate of Compliance, the Certificate of Service, the addition of Judge Ruiz's name to the case number, and a modification to the WHEREFORE clause to remove reference to giving Plaintiff 21 days to dismiss this action, since Plaintiff failed to dismiss this action during the time allowed.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and served the foregoing via e-mail upon:

Jaitegh Singh, Esq.
Singh Law Firm, P.A.
6610 N. University Dr., Ste. 220
Ft. Lauderdale, FL 33321
jt@jtsinghlawfirm.com
*Counsel for Plaintiff*

                                                          /s/ *Josh Spoont*
                                                         Joshua L. Spoont