UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-60461-RUIZ/STRAUSS

VAL SKLAROV,

        Plaintiff,

v.

CO-DIAGNOSTICS, INC.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Defendant's Motion for Sanctions under Rule 11 (DE 13) and Defendant's Motion for Relief from Order of Dismissal to Pursue Timely Filed Rule 11 Motion (DE 17) (collectively, "Motion for Sanctions").  The Motion for Sanctions has been referred to the undersigned (DE 18) to take all action as required by law pursuant to 28 U.S.C. § 636(b) and the Magistrate Rules of the Local Rules for the United States District Court for the Southern District of Florida.  For the reasons stated below, the undersigned **RECOMMENDS** that the Motion for Sanctions (DE 13; DE 17) be **DENIED**.

I.    BACKGROUND

On February 5, 2020, Plaintiff filed a five-count Complaint (DE 1-2) in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida for (1) Defamation, (2) Defamation Per Se, (3) Defamation by Implication, (4) Breach of Fiduciary Duty, and (5) Extortion and Tortious Interference alleging that Defendant defamed Plaintiff thereby creating the stated causes for relief.   Defendant removed the case to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, on March 2, 2020.   (DE 1).   On March 9, 2020, Defendant filed Defendant's Motion to Dismiss and Incorporated Memorandum of Law ("Motion

to Dismiss") (DE 7) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and alleged that "Plaintiff's pleadings are the quintessential example of insufficient threadbare pleadings which simply (but not even in all cases) recite the elements of the claim." (DE 7 at 2).

On April 7, 2020, the District Court entered an Order to Show Cause (DE 12) because Plaintiff had not filed a response to the Motion to Dismiss, and the response due date of March 23, 2020 had passed.   Plaintiff then filed Attorney's Affidavit in Response to Order to Show Cause ("Show Cause Response") (DE 14) on April 11, 2020[1] acknowledging that a response to the Motion to Dismiss was due on March 23, 2020.   The Show Cause Response explained that Plaintiff "ha[d] experienced a continued delay in his ability to effectively and frequently communicate with Counsel regarding this case given [an order to not travel while overseas and] to remain at home to diminish exposure to the [corona]virus" due to his underlying health issues.   *Id.* Plaintiff further stated that, due to a "lack of proper communication between Plaintiff and Plaintiff's Counsel," Plaintiff would seek a dismissal of this matter without prejudice because the "unprecedented crisis . . . will likely [prohibit Plaintiff from] effectively and frequently communicat[ing] with Counsel for an unforeseeable amount of time in the near future."   (DE 14 at 2).   Plaintiff also asserted that he approached opposing counsel regarding an agreed-upon order [to dismiss] but opposing counsel was not willing to agree.   *Id.* at 3.   Plaintiff further stated that he would seek a dismissal without prejudice so as "not [to] abridge or waive any potential rights to damages that Plaintiff may wish to pursue in the future."   *Id.*   Plaintiff also filed on April 11, 2020,[2] Plaintiff's Motion for Voluntary Dismissal (DE 15), which the District Court granted

---

[1] Although Plaintiff's Show Cause Response (DE 14) is date-stamped April 11, 2020, the CM/ECF system reflects a filing date of April 10, 2020.

[2] Although Plaintiff's Motion for Voluntary Dismissal (DE 15) is date-stamped April 11, 2020, the CM/ECF system reflects a filing date of April 10, 2020.

("Order Dismissing Case") (DE 16) on April 14, 2020.   In the Order Dismissing Case (DE 16), the Court denied all pending motions as moot.

On April 11, 2020, Defendant filed Defendant's Motion for Sanctions under Rule 11 ("Motion for Rule 11 Sanctions") (DE 13) certifying that, on March 9, 2020, Defendant's counsel emailed a copy of the Motion for Rule 11 Sanctions to Plaintiff's counsel. (DE 13 at 7).   Because the District Court's Order Dismissing Case (DE 16) dismissed Defendant's Motion for Rule 11 Sanctions, Defendant filed, on April 27, 2020, Defendant's Motion for Relief from Order of Dismissal to Pursue Timely Filed Rule 11 Motion ("Motion for Relief") (DE 17), which the Court granted on May 7, 2020 (DE 18).   Plaintiff filed a response ("Response") on May 11, 2020 (DE 21).   Having reviewed the Motion for Sanctions (DE 13: DE 17), the Response, and being otherwise duly informed, the undersigned respectfully **RECOMMENDS** that the Motion for Sanctions be **DENIED** for the reasons stated herein.

## II.   LEGAL STANDARDS

"Where, as here, a case is removed from state court, Rule 11 does not apply to pleadings filed before removal."   *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994) (citation omitted).   The rule is applicable, however, to any subsequent federal court filings, such as those in opposition to a motion to dismiss, "if they resulted in the continuation of a baseless lawsuit."   *Id.* (citing Fed. R. Civ. P. 81(c)).

Federal Rule of Civil Procedure 11 provides, in relevant part:

(a)  Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented. . . .

(b)  Representations to the Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . .

(2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion. . . .

(4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11.

III.   <u>DISCUSSION</u>

Here, Defendant argues that Plaintiff's Complaint (DE 1) is entirely frivolous so as to render it sanctionable under Rule 11.   (DE 13 at ¶ 2).   Defendant's Motion for Rule 11 Sanctions (DE 13) explains in great detail why the Court should conclude that Plaintiff's Complaint lacks

any legal or factual basis.  *Id.*   However, while Defendant's reasons for alleging that the Complaint (DE 1) is frivolous may well have merit, the Court may not impose Rule 11 sanctions based solely on a complaint filed in state court.   *Worldwide Primates, Inc.*, 26 F.3d at 1091. While Rule 11 may apply to subsequent filings that "result[] in the continuation of a baseless lawsuit," *id.*, Plaintiff did not make any such filings here.   After Defendant removed the Complaint to this Court, the Plaintiff's only filings were its Attorney's Affidavit in Response to Order to Show Cause ("Show Cause Response") (DE 14), which indicated Plaintiff's intent to move for voluntary dismissal, and Plaintiff's Motion for Voluntary Dismissal (DE 15) itself. Neither of those documents resulted in the continuation of the lawsuit – in fact, just the opposite. Therefore, those filings cannot form the basis of Rule 11 sanctions.

To the extent Defendant appears to argue that Plaintiff's failure to dismiss his Complaint sooner, or Plaintiff's decision to dismiss without prejudice, constituted a "continuation" of the suit justifying Rule 11 sanctions, the undersigned disagrees.   Defendant's Motion for Sanctions under Rule 11 (DE 13) certified that Defendant emailed a copy of that motion to Plaintiff on March 9, 2020, meaning that, pursuant to Rule 11(c)(2), Plaintiff had a "safe harbor" of 21 days, until March 30, within which to withdraw or correct the offending Complaint.   Defendant's Motion for Relief (DE 17) explains that Defendant agreed to extend the safe harbor deadline to the end of April 9, 2020.   (DE 17 at ¶ 2).   Defendant contends that Plaintiff missed the deadline and had still not filed a dismissal when Defendant filed its Motion for Rule 11 Sanctions (DE 13) on April 11, 2020, at 10:31 a.m.   (DE 17 at ¶ 3).   Perhaps by this argument Defendant implies that Plaintiff did force "continuation" of the suit by its failure to dismiss and that Plaintiff's voluntary dismissal was only triggered by Defendant's Motion for Sanctions.   However, this argument is unavailing.

Plaintiff's counsel swears that Plaintiff approached opposing counsel on April 9, 2020, regarding an agreed motion to dismiss the action but opposing counsel did not agree.   (DE 14 at 2-3).   Plaintiff additionally avers that it did attempt to file a dismissal by the deadline but "encountered issues with the e-filing system."   (DE 21 at 3).   Given the fact that Defendant was aware of Plaintiff's intent to file a dismissal, and the difficulties with the e-filing system (CM/ECF) evidenced by the difference in the docket's dates of filing and the time stamps on copies of the relevant filings, the Court cannot conclude that Plaintiff sought to continue the lawsuit or that the dismissal was only precipitated by Defendant's actual filing of the Motion for Rule 11 Sanctions. Additionally, given these complications, Plaintiff missing the safe harbor filing deadline by one (or perhaps two) days does not warrant sanction.

Finally, the fact that Plaintiff asked to dismiss without prejudice, thus retaining the possibility of re-filing his Complaint at a later date, does not constitute continuing the suit and does not merit sanctions.   The dismissal without prejudice, as opposed to with prejudice, has not forced Defendant to incur any additional expense or effort in defending the case, beyond the instant request for sanctions itself.   Moreover, in the event Plaintiff chooses to re-file his case, he will either do so by filing an amended Complaint that addresses the deficiencies that Defendant has raised or he will file a similar (and, per Defendant, frivolous) Complaint.   In the former circumstance, the basis for sanctions would be remedied.   In the latter circumstance, Defendant could once again seek sanctions, including the costs of responding to both that re-filed Complaint and the original Complaint.   Therefore, the failure to dismiss with prejudice does not merit sanctions now.

IV.     <u>CONCLUSION</u>

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion for Sanctions (DE 13; DE 17) be **DENIED.**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge.   Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.   *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers, Fort Lauderdale, Florida this 13th day of May 2020.

**Jared M. Strauss**
**United States Magistrate Judge**

Copies furnished to:

Hon. Rodolfo A. Ruiz, II
All Counsel of Record

7